# In the United States Court of Federal Claims

No. 17-1411C
(Filed: October 12, 2017)

| | |
|---|---|
| ROBERT SMITH, | * |
| | * |
| Plaintiff, | * |
| | * Sua Sponte Dismissal for Lack of |
| v. | * Jurisdiction; Collateral Attack of Criminal |
| | * Judgment; Application to Proceed In |
| THE UNITED STATES, | * Forma Pauperis |
| | * |
| Defendant. | * |

Robert Smith, Springfield, MO, pro se.

## OPINION AND ORDER

**SWEENEY**, Judge

Plaintiff Robert Smith, proceeding pro se, contends that he was improperly charged, tried, and sentenced pursuant to four federal statutes. He therefore seeks his immediate release from federal prison and monetary damages. The court lacks jurisdiction to consider plaintiff's claims. Thus, without awaiting a response from defendant, the court grants plaintiff's application to proceed in forma pauperis and dismisses plaintiff's complaint.

### I. BACKGROUND

On October 26, 2005, the United States District Court for the Northern District of Illinois ("district court") entered a criminal judgment reflecting that plaintiff had been found guilty of four separate offenses.[1] The judgment included the following table:

---

[1] The facts in this section are derived from plaintiff's complaint and the materials submitted with plaintiff's complaint.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 USC § 5861(d) | Possessing a Destructive Device that was not Registered to him in the National Firearms Registration and Transfer Record | May, 2004 | One |
| 26 USC § 5821, 26 USC § 5822, and 26 USC § 5861(f) | Making a Destructive Device without Filing a Written Application or Having Paid Taxes as required, and without having filed any written application for the making of firearms as required | May, 2004 | Two |
| 18 USC § 444(I) [sic] | Attempting to Destroy Property which was used in Interstate Commerce by Means of an Explosive | May, 2004 | Three |
| 18 USC § 924(c)(1)(A) | Using a Pipe Bomb in relation to a Crime of Violence | May, 2004 | Four |

Plaintiff was sentenced to ten years' imprisonment each for counts one through three, to run concurrently, and to thirty years' imprisonment for count four, to run consecutive to the ten-year terms. The United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") affirmed plaintiff's conviction on direct appeal in 2007.

Thereafter, plaintiff filed a number of motions in the district court attacking his sentence. The district court denied all of the motions, and the Seventh Circuit either affirmed the district court or declined to issue a certificate of appealability. For example, on May 4, 2016, the district court denied plaintiff's motion to correct and reduce his sentence. Then, on May 5, 2017, the Seventh Circuit "affirmed [the district court's ruling] as modified, concluding that [plaintiff's] requests were unauthorized successive collateral attacks, but ordering the district court to correct a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36."[2]

---

[2] The clerical error in the judgment was the reference to "18 USC § 444(I)." Plaintiff was actually convicted of violating 18 U.S.C. § 844(i). United States v. Smith, 684 F. App'x 574, 575 (7th Cir. 2017). The district court issued an amended judgment, correcting the clerical error, on May 8, 2017. Am. J., United States v. Smith, No. 1:04-cr-00463 (N.D. Ill.), May 8, 2017, ECF No. 253.

Plaintiff filed his complaint in this court on October 2, 2017, along with an application to proceed in forma pauperis. In his complaint, he alleges that the district court did not properly identify the statutes underlying his conviction in the criminal judgment, leading him to be imprisoned under incorrect statutes. Specifically, he alleges that

- with respect to 18 U.S.C. § 924(c)(1)(A), the district court did not identify the relevant subsection–(i), (ii), or (iii);

- 18 U.S.C. § 444(I) does not exist;

- with respect to 26 U.S.C. § 5821 and 26 U.S.C. § 5822, the district court did not identify the relevant subsections–either (a), (b), or (c) for § 5821, and (a), (b), (c), (d), or (e) for § 5822; and

- 26 U.S.C. § 5861(d) and 26 U.S.C. § 5861(f) describe the same offense, violating the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

Plaintiff further alleges that he "was unable to have the 'illegal' sentences corrected in the district or appellate Courts and [has] decided to sue for damages on all FOUR incorrectly written STATUTORY LAWS in [his] JUDGMENT." He therefore seeks from this court his immediate release from prison and monetary damages of $88,400,000.

## II. DISCUSSION

### A. Jurisdiction in the United States Court of Federal Claims

Whether a court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citation omitted); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); PIN/NIP, Inc. v. Platte Chem. Co., 304 F.3d 1235, 1241 (Fed. Cir. 2002) ("Jurisdiction is a threshold issue, and a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits." (citations omitted)). If the court finds that it lacks subject matter jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims requires the court to dismiss that claim.

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from its burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2012). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### B. The Court of Federal Claims Lacks Jurisdiction to Entertain Plaintiff's Claims

Plaintiff's overarching contention is that the district court imposed an illegal sentence on him after his criminal conviction. However, the Court of Federal Claims lacks jurisdiction to entertain criminal matters, such as claims arising under the federal criminal code or claims regarding the conduct of criminal proceedings. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008) (holding that the Court of Federal Claims lacks jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole"). In addition, plaintiff cannot collaterally attack his conviction or sentence in this court. See Joshua, 17 F.3d at 380 ("[T]he Court of Federal Claims does not have

jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."); Carter v. United States, 228 Ct. Cl. 898, 900 (1981) (per curiam) ("If plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court. This is not such a court and he cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages."). Indeed, as explained by the United States Supreme Court:

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would–quite apart from any considerations of fairness to the parties–disturb the orderly operation of the federal judicial system.

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994). Thus, the court must dismiss plaintiff's complaint for lack of jurisdiction.

### III. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[3] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined," id. § 1915(a)(2), a requirement that can be satisfied in the Court of Federal Claims by executing and filing a "Prisoner Authorization" that authorizes the custodial facility to send the court a copy of the prisoner's trust fund account statement. Finally, pursuant to what is known as the three-strikes rule, Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015), if a prisoner has filed three or more suits or appeals that were dismissed as frivolous, malicious, or failing to state a claim upon which relief can be granted, he or she is barred from initiating further suits or appeals without first paying the filing fee, unless he or she is "under imminent danger of serious physical injury." Id. § 1915(g).

---

[3] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28 of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).

Plaintiff has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a) and does not appear to have three strikes as described in 28 U.S.C. § 1915(g).[4] The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

## IV. CONCLUSION

As explained above, the court lacks jurisdiction to consider plaintiff's claims. Thus, the court **DISMISSES** plaintiff's complaint **WITHOUT PREJUDICE**. In addition, although the court **GRANTS** plaintiff's application to proceed in forma pauperis, it directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

---

[4] A search of PACER–the "electronic public access service that allows users to obtain case and docket information online from federal appellate, district, and bankruptcy courts," Administrative Office of the United States Courts, Public Access to Court Electronic Records, https://www.pacer.gov (last visited Oct. 6, 2017)–reveals that plaintiff has at least two strikes. See Merit Review Order 3, Smith v. United States, No. 17-1285 (C.D. Ill.), June 21, 2017, ECF No. 4 ("This dismissal shall count as, and the Clerk shall record, a 'strike' under 28 U.S.C. § 1915(g)."); Order 3, Smith v. Sanders, No. 16-3217-CV-S-SRB-P (W.D. Mo.), Aug. 15, 2016, ECF No. 21 ("[T]his case is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) (prisoner cases must be dismissed if they are frivolous, malicious, or fail to state a claim upon which relief may be granted).").